AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

15 JUL -6 PM 4:04

CLERK-ALBUQUERQUE

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Samsung Wireless Telephone, Model SM-S820L(GP),
International Mobile Equipment Identifier
990005775237705

Case No. 15mr410

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, attached hereto and incorporated by reference herein.

located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, attached hereto and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. 1153(a); 2243(a) | Offenses Committed within Indian Country; Sexual Abuse of a Minor |

The application is based on these facts:
See Affidavit, attached hereto and incorporated by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Russell S. Romero, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7-6-15

*Judge's signature*

City and state: Albuquerque, New Mexico      Kirtan Khalsa, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A SAMSUNG WIRELESS TELEPHONE, MODEL SM-S820L(GP), INTERNATIONAL MOBILE EQUIPMENT IDENTIFIER 990005775237705 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Russell S. Romero, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device— and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since January 2007. I am currently assigned to the Albuquerque Division, Santa Fe Resident Agency. As a Special Agent, I have participated in numerous criminal investigations and made arrests for various offenses, including Violent Crimes against Children.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a Samsung wireless telephone, model SM-S820L(GP), International Mobile Equipment Identifier (IMEI) 990005775237705 (hereinafter, the "Device"). The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

5. On July 23, 2015, I received information from Federal Bureau of Investigation (hereinafter, "FBI") Special Agent David Kice about a domestic disturbance that occurred earlier that day in Pena Blanca, New Mexico, involving a 14 year old female and her mother, M.O.

6. The disturbance began as M.O. started to question the 14 year old female about several items that Eldred J. Valdez (hereinafter, "Josh"), a 33 year old Indian and registered member of Cochiti Pueblo, had purchased for the 14 year old, to include a cellular telephone (the Device), clothing, beauty services, and stuffed animals.

7. M.O. told the 14 year old female to let her see her cellular telephone (the Device), and when the 14 year old refused, M.O. took it from her. M.O. then handed the Device off to M.O.'s boyfriend, who then passed it to the 14 year old's grandmother, M.M.

8. M.M. guessed the password to the Device, which was the letter "J." She then looked through the Device's contents and found pictures of the 14 year old in bed, in her underwear, with Josh. In addition to the photographs, the Device also contained text messages exchanged between the 14 year old and Josh, in which the 14 year old tells Josh that he is the

2

first person she ever "fucked." There are other messages in which she states that her "butt hurts," and that taking "Plan B" would give her cramps.

9. Your affiant knows "Plan B" to be an oral contraceptive also known as the "Morning After Pill."

10. Sandoval County Sheriff's Office responded to the aforementioned disturbance, and Sandoval County Sheriff's Deputy Chris Kohler interviewed the 14 year old minor. She admitted to having sex with Josh approximately five times; once in a hotel, and four times in his vehicle while parked in front of his residence and at the ball fields in Cochiti Pueblo. Josh's residence, as well as the ball fields in Cochiti Pueblo, are located in Indian Country in the District of New Mexico.

11. Sandoval County Sheriff's Deputy Robert Torrez took custody of the Device from M.O. Custody of the Device was later transferred to Bureau of Indian Affairs (hereinafter, "BIA") Special Agent Jeff Sandoval, who later transferred custody to your affiant. The Device is currently in FBI custody.

12. Upon receipt of the Device, your affiant noted that the Device was a Samsung wireless telephone, model SM-S820L(GP), International Mobile Equipment Identifier (IMEI) 990005775237705.

13. Later that evening, Josh was arrested at his home in Cochiti Pueblo by BIA, Sandoval County Sheriff's Office, and the FBI. He was transported to the Cochiti Pueblo Administration Office for an interview.

14. During the interview, Josh admitted to one instance of vaginal and anal sex with the 14 year old minor female, and stated that it had occurred in a hotel room, in Bernalillo, New Mexico. He also admitted to taking the 14 year old minor female to a hotel in Albuquerque over the previous weekend.

15. In addition, Josh admitted that he "hung out" with the 14 year old minor in his car in front of his house in Cochiti Pueblo. While he denied having sex with her in his car, he stated that she was in her underwear and was "wet" (aroused). He also stated that she rubbed his penis over his pants. Josh stated that, at one point, his pants were down and the 14 year old female attempted to have oral sex with him, which he did not allow.

16. Josh also stated that he had bought the Device for the 14 year old minor female as well as pre-paid phone cards, and had purchased several gifts for her, to include a Mickey Mouse shirt and stuffed animals.

17. Josh also stated that the 14 year old minor female liked to take "selfies," or pictures of herself, with him, with the Device. He stated that she took some "selfies" of the two of them while they were in the hotel room that he got for them during the weekend of June 20-21, 2015, as well as while in his vehicle parked in front of his house.

18. In addition to the above, on the evening of 06/23/2015, your affiant received a referral from the Cochiti Pueblo Social Services and ICWA Department about Josh and the 14 year old female. According to the referral, on 06/13/2015, Josh's sister, B.S., and her daughter went by Josh's residence to see if Josh's oldest daughter wanted to go over to their residence and visit.

19. When B.S. and her daughter arrived at Josh's residence, Josh came outside to talk to them. B.S. noticed Josh had a lot of "hickies" on his neck and told him that he needed to "knock it off" and "behave himself." Josh stated that he knew, and that he was "looking for love in all of the wrong places."

20. B.S. asked Josh if the girl who gave him the hickies was the girl from Pena Blanca who was in college, or, if it was the one who was on his SnapChat account. He asked which girl on SnapChat, and B.S. showed him pictures on his SnapChap profile of the 14 year old female and Josh in his vehicle.

21. Josh told B.S. that the 14 year old female had gotten into his phone and posted pictures, and that he did not even know that they were on there. B.S. then said, "I knew it." Josh then looked at his oldest daughter, moved out of the way, and motioned to B.S., "Sh." He then made a "1" and a "4" with his hands.

22. B.S. told him that he needed to cut it off "right now." He told her his rule is usually 18 and up. He also stated, referring to the 14 year old female, "She is so cool and doesn't play games or anything." B.S. told him that if word got out, he would be in a lot of trouble. He responded by saying, "I know," and told B.S. that he would end the relationship.

23. Later that evening, B.S., her daughter, and Josh's oldest daughter went back to Josh's residence to pick up clothing for Josh's daughter to spend the night at B.S.'s house. When they arrived, Josh was passed out on the couch and his other daughters were asleep in their beds. While there, they looked through Josh's phone that was open on his chest. The phone was open

to text messages with the 14 year old female that read, "I had fun yesterday," "I love you Babe," and "I miss you."

## **TECHNICAL TERMS**

24.     Based on my training and experience, I use the following technical terms to convey the following meanings:

  a. Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

25. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as "a wireless telephone, digital camera, and an Internet acess device." In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

26. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

27. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

7

    c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

28.    *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

29. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

*[signature]*

Russell S. Romero
Special Agent
FBI

Subscribed and sworn to before me
on July 6, 2015:

*[signature]*

UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

The property to be searched is a Samsung wireless telephone, model SM-S820L(GP), International Mobile Equipment Identifier (IMEI) 990005775237705 (hereinafter, the "Device").

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.



## **ATTACHMENT B**

1. All records on the Device described in Attachment A that relate to violations of 18 U.S.C. § 1153(a), Offenses Committed within Indian Country; 18 U.S.C. § 2243(a), Sexual Abuse of a Minor; and involve Eldred J. Valdez, including:

   a. Call logs and contacts;

   b. Any and all SMS text messages;

   c. MMS picture messages;

   d. Internet browsing/posting activity

   e. Photographs, video, and audio recordings;

   f. any information relating to Eldred J. Valdez's social media activity, to include SnapChat postings;

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.